IN UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

ROCHESTER DIVISION

| | |
|---|---|
| Marlanna Maxey,<br><br>       Plaintiff,<br><br>vs.<br><br>Equifax Information Solutions, LLC,<br>a foreign limited liability company,<br>Department Stores National Bank, a<br>subsidiary of Citibank, NA, a national<br>banking association, and<br>Capital One Bank,<br>a foreign corporation,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, Marlanna Maxey, BY AND THROUGH

COUNSEL, DANIEL ZEMEL, ESQ., and for her Complaint against the

Defendants, pleads as follows:

### **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit

    Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Rochester, Monroe County, New York.

4. Venue is proper in the Western District of New York.

## PARTIES

5. Plaintiff is a natural person residing in City of Rochester, Monroe County, New York.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of New York;

    b. Department Stores National Bank, a subsidiary of Citibank, NA, ("DSNB") is a national banking association that conducts business in the State of New York; and

    c. Capital One Bank ("Capital One") is a foreign corporation which conducts business in the State of New York.

## GENERAL ALLEGATIONS

7. DSNB and Capital One are inaccurately reporting their Tradelines ("Errant Tradelines") on Plaintiff's Equifax credit file with erroneous notations of monthly payments on accounts that are closed and charged off. Specifically,

DSNB is reporting a monthly payment of $601 and Capital One is reporting a monthly payment of $552 on their respective Errant Tradelines.

8. The accounts reflected by the Errant Tradelines have been charged off and closed. Plaintiff no longer has an obligation to make any monthly payments to DSNB and/or Capital One.

9. On May 9, 2019, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines reporting with erroneous monthly payment amounts.

10. On or about or about June 26, 2019, Plaintiff submitted a letter to Equifax requesting that the Errant Tradelines be corrected to accurately report monthly payments on the Errant Tradelines as $0.00.

11. Equifax forwarded Plaintiff's consumer dispute to DNSB and Capital One. DSNB and Capital One received Plaintiff's consumer dispute from Equifax.

12. Plaintiff had not received Equifax's investigation results. Therefore, on September 3, 2019, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax, DSNB and Capital One failed or refused to report the monthly payments on the Errant Tradelines as $0.00.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the

errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DSNB**

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous monthly payment and status, DSNB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

16. DSNB negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to report the monthly payment as $0.

17. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

18. As a direct and proximate cause of DSNB's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. DSNB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Plaintiff has a private right of action to assert claims against DSNB arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant DSNB for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DSNB

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, DSNB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

23. DSNB willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of DSNB's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. DSNB is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant DSNB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous monthly payment and status, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

28. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to report the monthly payment as $0.

29. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

30. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

32. Plaintiff has a private right of action to assert claims against CAPITAL ONE arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

35. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

36. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

37. Capital One is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

40. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

41. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

42. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

47. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

48. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

49. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 9, 2019

/s/ Daniel Zemel
Daniel Zemel
Zemel Law, LLC
*Attorney for Plaintiff, Marlanna Maxey*
Address: 1373 Broad St. Suite 203C
Clifton, NJ 07013
E-mail: dz@zemellawllc.com
Tel.: (862) 227-3106
Fax: (862) 204-5901